UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK LEVIN WATERFIELD, JR.,

           Plaintiff,

vs.                                    Case No. 2:12-cv-110-FtM-29DNF

ALANE LABODA, DARRYL C. CASANEUVA,
CHRIS W. ALTENBERND, and JAMES W.
WHATLEY,

           Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon initial review of the file. Plaintiff Frederick Levin Waterfield, who is proceeding pro se, initiated this action as a prisoner in the custody of the Secretary of the Florida Department of Corrections by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 in the Tampa Division on January 27, 2012. Upon review, the Tampa Court directed Plaintiff to either file a motion for leave to proceed in forma pauperis, or pay the requisite $350.00 filing fee. Doc. #5. Plaintiff paid the filing fee on February 22, 2012. See docket. On March 1, 2012, the Tampa Division transferred the action to this Court upon finding that the allegations originated from a state court trial held in Charlotte County. See Doc. #8 at 1.

**I.**

    The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental

entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th

Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff files this action against Defendants Laboda, Casanueva, Altenbernd, and Whatley, all of whom are judges in the State of Florida. See Complaint at 1, 7-8. Plaintiff identifies Defendant Laboda as a circuit court judge for the Twentieth Judicial Circuit Court in Charlotte County, and Defendants Casanueva, Altenbernd, and Whatley, as appellate court judges in Polk County. Id. at 7-8. Although not the model of clarity, it appears Plaintiff seeks to sue these judges based on the respective orders the judges entered in Plaintiff's post-conviction appeals from his underlying criminal conviction and sentence entered in case number 83-361-A-B on July 25, 1984.[1] See generally Complaint at 12 (recognizing the actions of the judges were "judicial in nature"); Doc. #1-2 at 21-23. The Complaint contains only conclusory allegations of constitutional violations with no supporting factual averments. As relief, Plaintiff seeks a "restorative injunction, void the judgment of conviction and sentence entered in the Twentieth Judicial Circuit," "restore the Plaintiff to the position he held prior to the January 19, 1984

---

[1]Upon the change of venue, the case number became 84-25-CFALBV in Charlotte County for administrative purposes only. Doc. #1-2 at 24.

order granting the motion for change of venue," and monetary damages. Id. at 21.

**III.**

Here, the Court finds the Complaint is fatally flawed and subject to dismissal under § 1915A. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); see also Mireles v. Waco, 112 S. Ct. 286, 288 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356).

Plaintiff claims that the Twentieth Judicial Circuit Court "lacked jurisdiction" to hold his criminal trial. Complaint at 9. The Complaint, however, fails to provide any factual basis in support of this conclusory allegations. Further, a review of the exhibits attached to Plaintiff's Complaint reveal that defense counsel moved for a change of venue and the court granted the motion, thereby changing venue from the Nineteenth Judicial Circuit to the Twentieth Judicial Circuit for purposes of trial only. Doc. #1-2 at 21-22 (order signed by Judge Vocelle granting continuance and change of venue). Thus, the Twentieth Judicial Circuit did not

lack jurisdiction to hold the Plaintiff's criminal trial.  See also Doc. #1-3 at 39 (explaining history of the case).  Approximately twenty-years after his conviction, the record shows that Plaintiff again pursued post-conviction relief by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850 in the Twentieth Judicial Circuit Court.  Upon review of the Rule 3.850 motion, Judge Laboda, a named Defendant, transferred the motion back to the Nineteenth Judicial Circuit finding venue was proper there.  Doc. #1-2 at 19-20.  The appellate court reversed and remanded Judge Laboda's order finding the transfer improper, but noting the motion should have been denied as successive and/or untimely.  See Doc. #1-3 at 39-40 (appellate court order written by Judges Davis and Wallace, who are not named Defendants).  Upon receiving the appellate court order, the post-conviction court vacated its order and denied the Rule 3.850 motion as untimely.  Doc. #1-3 at 48-49.  Plaintiff appealed, but the appellate court *per curiam* affirmed the post-conviction court's decision.  See Doc. #1-4 at 41 (appellate order signed by Judges Casanueva, Altenbernd, and Whatley, all named Defendants). Thus, it is clear that Plaintiff pursues this action against Defendants Laboda, Casanueva, Altenbernd, and Whatley based on actions they took within the scope of their judicial authority, i.e. entering orders denying Plaintiff's motion for post-conviction relief, or appeal thereform.  Consequently, absolute judicial

immunity precludes Plaintiff's civil action against these Defendants.

Furthermore, to the extent that Plaintiff seeks injunctive relief that would effectively interfere with the state court's judicial process or overturn state court decisions, a federal court lacks jurisdiction under Younger v. Harris, 401 U.S. 37 (1971), or the Rooker-Feldman[2] doctrine, or both. To the extent Plaintiff wishes to challenge his state court conviction or sentence, a petition for writ of habeas corpus is the proper filing, not a civil right action. The Court notes, however, that Plaintiff has already filed federal habeas corpus petitions.[3]

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to § 1915A.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __12th__ day of March, 2012.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

---

[2]Rooker v. Fidelty Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3]Petitioner has already pursued federal habeas corpus relief. See Case Nos. 2:97-cv-173; 5:97-cv-123; 5:99-cv-321; 2:00-cv-124; 5:04-v-623.